CROWELL & MORING LLP
Joanna M. Fuller (SBN 266406)
JFuller@crowell.com
3 Park Plaza, 20th Floor
Irvine, CA 92614
Telephone: (949) 263-8400
Facsimile: (949) 263-8414

*Attorneys for Plaintiff*
Shenzhen Smoore Technology Co., Ltd.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHENZHEN SMOORE TECHNOLOGY CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> A&A GLOBAL IMPORTS, INC. <br><br> Defendant. | Case No. 2:22-cv-8014 <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> DEMAND FOR JURY TRIAL |

.

# COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Shenzhen Smoore Technology Co., Ltd. ("Smoore" or "Plaintiff"), by and through undersigned counsel, respectfully alleges, states, and prays as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the Patent Laws of the United States, Tile 35 United States Code, §§ 271 and 281, *et seq*. against A&A Global Imports, Inc. d/b/a Marijuana Packaging, MarijuanaPackaging.com, and RAEvapes.com ("A&A Global" or "Defendant"), for infringing and profiting, in an illegal and unauthorized manner, and without authorization and/or consent from Plaintiff for U.S. Patent Nos. 10,791,762 ("'762 Patent"), 10,791,763 ("'763 Patent"), D817,544 ("D544 Patent"), and D853,635 ("D635 Patent", together with the '762 Patent, '763 Patent, and D544 Patent, collectively the "Patents-in-Suit") which are attached hereto as **Exhibit A**, respectively, and incorporated herein by reference, and pursuant to 35 U.S.C. § 271, to recover damages, attorneys' fees and costs.

## PARTIES

2. Plaintiff Shenzhen Smoore Technology Limited is a corporation organized under the laws of China having its principal place of business at Block 16, Dongcai Industry Park, Gushu Village, Bao'an District, Shenzhen, China.

3. Upon information and belief, A&A Global Imports, Inc. ("A&A Global") is a California corporation with a principal office street address at 3359 East 50th Street, Vernon, CA 90058.  Upon information and belief, Defendant has conducted and continue to conduct business in this judicial district, such as marketing and sales to the customers located in this district.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.

5.  This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.  This Court has personal jurisdiction over the Defendant by Defendant's residing in this district, its systematic and continuous business and acts of patent infringement and/or has induced acts of patent infringement by others in this district and/or has contributed to patent infringement by others in this district, the State of California and elsewhere in the United States.

7.  Defendant is subject to this Court's specific and general jurisdiction pursuant to their substantial business in this forum, including (i) at least part of their past infringing activities alleged herein; (ii) regularly doing or soliciting business; (iii) driving substantial revenue from goods and services provided to customers in this district; and (iv) they are incorporated in this district.

8.  Venue is proper in this district pursuant to 28 U.S.C. § 1400(b) and/or 28 U.S.C. § 1391(c) through Defendant's residence, acts of infringement, and/or regular and established place of business in this district.

## THE PATENTS-IN-SUIT

**A.  *The '762 Patent***

9.  On October 6, 2020, the USPTO duly and legally issued U.S. Patent No. 10,791,762 (the "'762 Patent"), entitled "Electronic cigarette and method for manufacturing atomizing assembly thereof" after a full and fair examination. The '762 Patent is attached hereto as **Exhibit A** and incorporated herein as if fully rewritten.

10.  The '762 Patent has 14 claims, including two independent claims (1, 11), and 12 dependent claims (2-10, 12-14). Plaintiff is asserting claims 1, 2, and 7 against Defendant, whose accused products infringe these claims literally or under the doctrine of equivalents.

B. *The '763 Patent*

11. On October 6, 2020, the USPTO duly and legally issued U.S. Patent No. 10,791,763 (the "'763 Patent"), entitled "Atomizer capable of preventing liquid leakage caused by air inside a liquid reservoir and electronic cigarette with the same" after a full and fair examination. The '763 Patent is attached hereto as **Exhibit A** and incorporated herein as if fully rewritten.

12. The '763 Patent has 20 claims, including two independent claims (1, 11), and 18 dependent claims (2-10, 12-20). Plaintiff is asserting claims 1 and 11 against Defendant, whose accused products infringe the referenced claims literally or under the doctrine of equivalents.

C. *The D544 Patent*

13. On May 8, 2018, the USPTO duly and legally issued U.S. Patent No. D817,544 (the "D544 Patent"), entitled "Atomizer for electronic cigarette" after a full and fair examination. The D544 Patent is attached hereto as **Exhibit A** and incorporated herein as if fully rewritten.

14. The D544 Patent has 1 claim. Plaintiff is asserting this claim against Defendant, whose accused products infringe the referenced claims literally or under the doctrine of equivalents.

D. *The D635 Patent*

15. On July 9, 2019, the USPTO duly and legally issued U.S. Patent No. D853,635 (the "D635 Patent"), entitled "Atomizer for electronic cigarette" after a full and fair examination. The D635 Patent is attached hereto as **Exhibit A** and incorporated herein as if fully rewritten.

16. The D635 Patent has 1 claim. Plaintiff is asserting this claim against Defendant, whose accused products infringe the referenced claims literally or under the doctrine of equivalents.

17. Plaintiff is the sole and exclusive owner of all right, title and interest in the '762, '763, D544, and D635 Patents and holds the exclusive right to take all

actions necessary to enforce its rights to the Patents-in-Suit, including the filing of this patent infringement action, recovery all damages for past, present, and future infringement of the Patents-in-Suit and to seek injunctive relief as appropriate under the law.

## DEFENDANT'S PRODUCTS

18. During the enforceability period of the Patents-in-Suit, Defendant offers and continues to offer for sale oil-vaping cartridges having a liquid reservoir for containing a vaporizable oil. The components include a liquid reservoir and an atomizer coil assembly, as illustrated in Drawing 2 below. These components can be assembled together with mouthpieces to make atomizers (a/k/a atomizer assembly, cartridges or cartridge assembly), and then further assembled with a battery or other power source to form vaping devices (a/k/a vaporizer, vaping assembly) that are used in or comprise Defendant's Accused Products for vaping purposes, where the cartridges, mouthpieces, and batteries are all offered for sale by Defendant for assembly and use together. The drawings below provide a detailed illustration of the technologies. The Accused Products are sold in this district by or on behalf of Defendant. A non-limiting set of claim charts comparing exemplars of Accused Products to claims 1, 2, 7 of the '762 Patent, and 1, 11 of the '763 Patent; as well as the sole design claim of each of the D544 Patent and D635 Patent is attached hereto as **Exhibit B** and is incorporated herein as if fully rewritten, including that GoodCarts cartridges are shown as exemplars of the accused AVD and GoodCarts products because they are essentially identical in all respects relevant to the asserted claims of the '762 Patent; noting that the RAE products are shown separately—being accused upon information and belief of infringing the '762, D544, and D635 Patents in each count below based upon the information available from Defendant's websites at raevapes.com and marijuanapackaging.com/collections/rae-vapes as of the date of this Complaint. If any additional infringing products are identified by Plaintiff during this case,

Plaintiff will amend the listing of Accused Products accordingly. This case and any remedy should extend to all of Defendant's infringing products.



Drawing 1: illustration of atomizer (a/k/a atomizer assembly, cartridge, cartridge assembly) and vaping device (a/k/a vaporizer or vaping assembly)



Drawing 2: illustration of mouthpiece (a/k/a mouthpiece assembly), liquid reservoir, atomizer coil assembly and atomizer (a/k/a atomizer assembly, cartridge, or cartridge assembly)

19. Upon information and belief, Defendant's Accused Products include at least AVD Glass Vape Cartridges, AVD Plastic Vape Cartridges, AVD All Ceramic Cartridges, GoodCarts Glass Vape Cartridges, GoodCarts Plastic Vape Cartridges, and RAE (Refined Atomizer Engineering) 510-Threaded Connection Ceramic Core Cartridges.

### COUNT I: INFRINGEMENT OF THE '762 PATENT

20. Paragraphs 1 through 19 are incorporated by reference as if fully set forth herein.

21. Plaintiff has not licensed or otherwise authorized Defendant to make, test, use, offer for sale, sell, or import any products that embody the inventions of the '762 Patent.

22. Defendant has had knowledge of infringement of the '762 Patent at least as of their receipt of Smoore's cease and desist letter dated September 8, 2021, for the AVD and GoodCarts Accused Products.

23. As shown in **Exhibit B**, Defendant has infringed and continue to knowingly and intentionally directly infringe the '762 Patent, including at least claims 1, 2, and 7, literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, testing, using, offering for sale, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '762 Patent, including the AVD, GoodCarts, and RAE products identified in **Exhibit B**, which includes at least product names/numbers from marijuanapackaging.com as follows: AVD California Universal Symbol Glass Vape Cartridge with 2mm Aperture (44338-CA, 44337-CA, 44334-CA, 44333-CA), AVD All Ceramic Vape Cartridge with 1.5mm Aperture (45775), AVD Glass Vape Cartridge with 1mm Aperture (44346), AVD Glass Vape Cartridge with 2mm Aperture (44441, 44440, 44338, 44337), AVD Plastic Vape Cartridge with 2mm Aperture (44333, 44334), AVD Plastic Vape Cartridge with 1mm Aperture (44343, 44344), AVD GoodCarts Glass Vape

Cartridge with 2mm Aperture (45952, 45953), AVD GoodCarts Plastic Vape Cartridge with 2mm Aperture  (45948, 45949), and RAE Ceramic Core Glass Vape Cartridge w/ 2mm Aperture (46341, 46408, 46333, 46407, 46349, 46340, 46332, 46348).

24. Defendant has infringed and continue to indirectly infringe one or more claims of the '762 Patent by knowingly and intentionally inducing others, including customers and end-users, to directly infringe, literally or under the doctrine of equivalents, by making, using, testing, offering to sell, selling and/or importing into the United States products that include infringing technology protected by the '762 Patent, which are not staple articles nor commodities of commerce suitable for substantial noninfringing use.

25. Defendant induced infringement by others, including customers and end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including customers and end users, infringe the '762 Patent, but remaining willfully blind to the infringement.

26. As a result of Defendant's infringement of the '762 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgement in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

27. Plaintiff's **Exhibit B** is for the purpose of meeting the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and the Plaintiff is not estopped by any infringement contention or claim construction proposed by the claim charts that it provides with this Complaint.

### COUNT II: INFRINGEMENT OF THE '763 PATENT

28. Paragraphs 1 through 27 are incorporated by reference as if fully set forth herein.

29. Plaintiff has not licensed or otherwise authorized Defendant to make, test, use, offer for sale, sell, or import any products that embody the inventions of the '763 Patent.

30. Defendant has had knowledge of infringement of the '763 Patent at least as of their receipt of Smoore's cease and desist letter dated September 8, 2021.

31. As shown in **Exhibit B**, Defendant has infringed and continue to knowingly and intentionally directly infringe the '763 Patent, including at least claims 1 and 11, literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, testing, using, offering for sale, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '763 Patent, including the AVD and GoodCarts products identified in **Exhibit B**, which includes at least AVD Plastic Vape Cartridge with 2mm Aperture (44333, 44334), AVD Plastic Vape Cartridge with 1mm Aperture (44343, 44344), and AVD GoodCarts Plastic Vape Cartridge with 2mm Aperture (45948, 45949).

32. Defendant has infringed and continue to indirectly infringe one or more claims of the '763 Patent by knowingly and intentionally inducing others, including customers and end-users, to directly infringe, literally or under the doctrine of equivalents, by making, using, testing, offering to sell, selling and/or importing into the United States products that include infringing technology protected by the '763 Patent, which are not staple articles nor commodities of commerce suitable for substantial noninfringing use.

33. Defendant induced infringement by others, including customers and end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including customers and end users, infringe the '763 Patent, but remaining willfully blind to the infringement.

34. As a result of Defendant's infringement of the '763 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgement in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

35. Plaintiff's **Exhibit B** is for the purpose of meeting the notice requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure and the Plaintiff is not estopped by any infringement contention or claim construction proposed in the claim charts that it provides with this Complaint.

### COUNT III: INFRINGEMENT OF THE D544 PATENT

36. Paragraphs 1 through 35 are incorporated by reference as if fully set forth herein

37. Plaintiff has not licensed or otherwise authorized Defendant to make, test, use, offer for sale, sell, or import any products that embody the inventions of the D544 Patent.

38. Defendant has had knowledge of infringement of the D544 Patent at least as of their receipt of Smoore's cease and desist letter dated September 8, 2021.

39. As shown in **Exhibit B**, Defendant has infringed and continue to knowingly and intentionally directly infringe the D544 Patent, literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, testing, using, offering for sale, selling, and/or importing into the United States products (under the brand name RAE) that satisfy each and every limitation of the D544 Patent, and that would deceive an ordinary purchaser by inducing purchase of the accused device supposing it to embody the patented design.

40. Defendant has infringed and continue to indirectly infringe the D544 Patent by knowingly and intentionally inducing others, including customers and end-users, to directly infringe, literally or under the doctrine of equivalents, by

making, using, testing, offering to sell, selling and/or importing into the United States products that including infringing design protected D544 Patent.

41. To the extent that an Accused Product is sold in a not-yet-assembled form with components (i.e., mouthpiece, liquid reservoir, atomizer core assembly) that would directly infringe the D544 patent when assembled by a party other than Defendant, Defendant induced infringement by others, including customers and end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including customers and end users, infringe the D544 Patent, but remaining willfully blind to the infringement.

42. As a result of Defendant's infringement of the D544 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgement in an amount adequate to compensate for Defendant's past infringement under 35 U.S.C. § 284, together with interest and costs, or the total profit for each infringing product under 35 U.S.C. § 289.

43. Plaintiff's **Exhibit B** is for the purpose of meeting the notice requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure and the Plaintiff is not estopped by any infringement contention or claim construction proposed by the claim charts that it provides with this Complaint.

### COUNT IV: INFRINGEMENT OF THE D635 PATENT

44. Paragraphs 1 through 43 are incorporated by reference as if fully set forth herein

45. Plaintiff has not licensed or otherwise authorized Defendant to make, test, use, offer for sale, sell, or import any products that embody the inventions of the D635 Patent.

46. Defendant has had knowledge of infringement of the D635 Patent at least as of their receipt of Smoore's cease and desist letter dated September 8, 2021.

47. As shown in **Exhibit B**, Defendant has infringed and continue to knowingly and intentionally directly infringe the D635 Patent, literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, testing, using, offering for sale, selling and/or importing into the United States products (under the brand name RAE) that satisfy each and every limitation of the D635 Patent, and that would deceive an ordinary purchaser by inducing purchase of the accused device supposing it to embody the patented design.

48. Defendant has infringed and continue to indirectly infringe the D635 Patent by knowingly and intentionally inducing others, including customers and end-users, to directly infringe, literally or under the doctrine of equivalents, by making, using, testing, offering to sell, selling and/or importing into the United States products that including infringing design protected by the D635 Patent.

49. To the extent that an Accused Product is sold in a not-yet-assembled form with components (i.e., mouthpiece, liquid reservoir, atomizer core assembly) that would directly infringe the D635 patent when assembled by a party other than Defendant. Defendant induced infringement by others, including customers and end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including customers and end users, infringe the D635 Patent, but remaining willfully blind to the infringement.

50. As a result of Defendant's infringement of the D635 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgement in an amount adequate to compensate for Defendant's past infringement under 35 U.S.C. § 284, together with interest and costs, or the total profit for each infringing product under 35 U.S.C. § 289.

51. Plaintiff's **Exhibit B** is for the purpose of meeting the notice requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure and the Plaintiff is not estopped by any infringement contention or claim construction

proposed by the claim charts that it provides with this Complaint, where "Accused Products" are identified by way of example in those claim charts, where only the '762 Patent is asserted against all Accused Products, and the remaining Patents-in-Suit are asserted against fewer than all products as apparent from externally-visible features, and set forth above and in the claim charts, where all rights are reserved to accuse Defendant's other infringing products under the patent(s) that cover each.

## DEMAND FOR JURY TRIAL

52. Plaintiff demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. That Defendant be adjudged to have infringed one or more of the claims of the '762 Patent directly (literally and/or under the doctrine of equivalents) and/or indirectly;

b. That Defendant be adjudged to have infringed one or more of the claims of the '763 Patent directly (literally and/or under the doctrine of equivalents) and/or indirectly;

c. That Defendant be adjudged to have infringed the claim of the D544 Patent directly (literally and/or under the doctrine of equivalents) and/or indirectly;

d. That Defendant be adjudged to have infringed the claim of the D635 Patent directly (literally and/or under the doctrine of equivalents) and/or indirectly;

e. An accounting of all infringing sales and damages including, without limitation, those sales and damages not presented at trial;

f. An award of all damages to which Smoore is entitled under 35 U.S.C. § 284 for all past and continuing infringement, including without limitation, at least reasonable royalties and/or, with respect to the

      D544 and D635 patents, the total profit for each infringing product under 35 U.S.C. § 289;

g. An award of enhanced damages in accordance with 35 U.S.C. § 284 as a result of Defendant's knowing and willful infringement;

h. A finding that this case is exceptional under 35 U.S.C. § 285 and an award of all of Plaintiff's attorneys' fees incurred in connection with this case;

i. An assessment of pre-judgment and post-judgment interest and costs against Defendant and an award of such interest and costs in accordance with 35 U.S.C. § 284; and

j. The Plaintiff be granted such other and further relief as this Court may deem just and proper.

                                            Respectfully submitted,

Dated: November 2, 2022                CROWELL & MORING LLP

                                            */s/  Joanna M. Fuller*
                                            Joanna M. Fuller (SBN 266406)
                                            JFuller@crowell.com
                                            3 Park Plaza, 20th Floor
                                            Irvine, CA 92614
                                            Telephone: (949) 263-8400
                                            Facsimile: (949) 263-8414

                                            *Attorneys for Plaintiff*
                                            Shenzhen Smoore Technology Co., Ltd.