**BRYAN CAVE LEIGHTON PAISNER LLP**
Kristin S. Webb (Cal. Bar No. 258476)
*Kristin.Webb@bclplaw.com*
1920 Main Street, Suite 1000,
Irvine, California 92614
Telephone:  (949) 223-7000
Facsimile:   (949) 223-7100

R. Tyler Goodwyn IV (*Pro Hac Vice*)
*Tyler.Goodwyn@bclplaw.com*
1155 F Street, NW
Washington, D.C. 20004
Telephone:  (202) 508-6015
Facsimile:   (202) 508-6200

**BLANK ROME LLP**
Todd M. Malynn (SBN 181595)
Arash Beral (SBN 245219)
2029 Century Park East, 6th Floor
Los Angeles, CA  90067
Telephone: (424) 239-3400
Facsimile: (424) 239-3434

Attorneys for Defendant A&A Global Imports, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHENZHEN SMOORE TECHNOLOGY CO. LTD.,<br><br>              Plaintiff,<br><br>     v.<br><br>A&A GLOBAL IMPORTS, INC.<br><br>              Defendant. | Case No. 2:22-cv-08014-AB-AGR<br><br>**ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT**<br><br>DEMAND FOR JURY TRIAL |

## ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT

Defendant A&A Global Imports, Inc., ("A&A" or "Defendant") by and through its undersigned counsel, hereby answer the Complaint for Patent Infringement ("Complaint") filed by Plaintiff Shenzhen Smoore Technology Co. Ltd.'s ("Smoore") and assert affirmative defenses as follows:

## NATURE OF THE ACTION

1. A&A admits this case purports to be an action for patent infringement. A&A denies that Plaintiff has stated a legally sufficient claim for patent infringement, and further specifically denies any infringement. A&A admits that Exhibit A to the Complaint purports to provide copies of U.S. Patent Nos. 10,791,762 ("'762 Patent"), 10,791,763 ("'763 Patent"), D817,544 ("D544 Patent"), and D853,635 ("D635 Patent") (collectively, the "Patents-in-Suit"). A&A denies the remaining allegations contained in Paragraph 1 of the Complaint.

## PARTIES

2. A&A lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint and therefore denies these allegations.

3. A&A admits that it is a California corporation with a principal office street address at 3359 East 50th Street, Vernon, CA 90058. A&A denies the remaining allegations set forth in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Paragraph 4 states a legal conclusion to which no response is necessary. To the extent a response is required, A&A admits that Smoore purports this to be an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.

5. Paragraph 5 states a legal conclusion to which no response is necessary. To the extent a response is required, A&A does not contest subject matter jurisdiction

pursuant to 28 U.S.C. §§ 1331 and 1338(a), to the extent Smoore purports to bring a civil action arising under the patent laws of the United States.

6. For this matter only, A&A does not contest that this Court has personal jurisdiction over A&A. In all other respects, A&A denies the remaining allegations set forth in Paragraph 6 of the Complaint.

7. Paragraph 7 states a legal conclusion to which no response is necessary. To the extent a response is necessary, A&A does not contest, for this matter only, that the Court has personal jurisdiction over A&A. In all other respects, A&A denies the remaining allegations set forth in Paragraph 7 of the Complaint, and specifically denies any acts of infringement.

8. For this matter only, A&A does not contest venue in the Central District of California. In all other respects, A&A denies the remaining allegations set forth in Paragraph 8, and specifically denies any acts of infringement.

## THE PATENTS-IN-SUIT

**A.  *The '762 Patent***

9. A&A admits that the first page of U.S. Patent No. 10,791,762 (the "'762 Patent"), entitled "Electronic cigarette and method for manufacturing atomizing assembly thereof" identifies October 6, 2020, as a date of patent. A&A admits that Exhibit A to the Complaint provides a purported copy of the '762 Patent. A&A denies the remaining allegations set forth in Paragraph 9 of the Complaint.

10. A&A admits that Smoore asserts the '762 Patent has 14 claims, including independent claims 1 and 11, and dependent claims 2-10, 12-14. A&A admits that Smoore is asserting claims 1, 2, and 7. A&A denies the remaining allegations set forth in Paragraph 10 of the Complaint, and specifically denies any infringement, literally or under the doctrine of equivalents.

### B. *The '763 Patent*

11. A&A admits that the first page of U.S. Patent No. 10,791,763 (the "'763 Patent"), entitled "Atomizer capable of preventing liquid leakage caused by air inside a liquid reservoir and electronic cigarette with the same" identifies October 6, 2020, as a date of patent. A&A admits that Exhibit A to the Complaint provides a purported copy of the '763 Patent. A&A denies the remaining allegations set forth in Paragraph 11 of the Complaint.

12. A&A admits that Smoore asserts that the '763 Patent has 20 claims, including independent claims 1 and 11, and dependent claims 2-10, 12-20. A&A admits that Smoore is asserting claims 1 and 11. A&A denies the remaining allegations set forth in Paragraph 12 of the Complaint, and specifically denies any infringement, literally or under the doctrine of equivalents.

### C. *The D544 Patent*

13. A&A admits that U.S. Patent No. D817,544 (the "D544 Patent"), entitled "Atomizer for electronic cigarette" identifies May 8, 2018, as a date of patent. A&A admits that Exhibit A to the Complaint provides a purported copy of the D544 Patent. A&A denies the remaining allegations in Paragraph 13 of the Complaint.

14. A&A admits that Smoore asserts that the D544 Patent has 1 claim. A&A admits that Smoore is asserting this claim. A&A denies the remaining allegations set forth in Paragraph 14 of the Complaint, and specifically denies any infringement, literally or under the doctrine of equivalents.

### D. *The D635 Patent*

15. A&A admits that U.S. Patent No. D853,635 (the "D635 Patent"), entitled "Atomizer for electronic cigarette" identifies July 9, 2019, as a date of patent. A&A admits that Exhibit A to the Complaint provides a purported copy of the D635 Patent. A&A denies the remaining allegations set forth in Paragraph 15 of the Complaint.

16.  A&A admits that Smoore asserts that the D635 Patent has 1 claim. A&A admits that Smoore is asserting this claim. A&A denies the remaining allegations set forth in Paragraph 16 of the Complaint, and specifically denies any infringement, literally or under the doctrine of equivalents.

17.  A&A lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint, and therefore denies these allegations.

## DEFENDANTS' PRODUCTS

18.  A&A admits they sell oil-vaping cartridges. A&A admits that Exhibit B attached to the Complaint contains claim charts. A&A denies that any of their products in the United States infringe the '762 Patent, '763 Patent, D544 Patent, and/or D635 Patent, or that any of their products practice the identified claims. A&A denies the remaining allegations in Paragraph 18 of the Complaint.

19.  A&A admits that Smoore identifies AVD Glass Vape Cartridges, AVD Plastic Vape Cartridges, AVD All Ceramic Cartridges, GoodCarts Glass Vape Cartridges, GoodCarts Plastic Vape Cartridges, and RAE (Refined Atomizer Engineering) 510-Threaded Connection Ceramic Core Cartridges as Accused Products.

## COUNT I: INFRINGEMENT OF THE '762 PATENT

20.  A&A incorporates and reallege their answers to Paragraphs 1-19.

21.  Paragraph 21 of the Complaint states a legal conclusion to which no response is necessary. To the extent a response is necessary, A&A denies that they are required to have a license or other authorization from Smoore to make, test, use, offer for sale, sell, or import any of A&A products.

22.  A&A does not deny the existence of a letter from Smoore dated on or about September 8, 2021. A&A denies the remaining allegations of Paragraph 22 of

the Complaint, including on lack of information or belief, and specifically denies any infringement.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Paragraph 27 of the Complaint states a legal conclusion to which no response is necessary. To the extent a response is required, denied.

### COUNT II: INFRINGEMENT OF THE '763 PATENT

28. A&A incorporates and reallege their answers to Paragraphs 1-27.

29. Paragraph 29 of the Complaint states a legal conclusion to which no response is necessary. To the extent a response is necessary, A&A denies that they are required to have a license or other authorization from Smoore to make, test, use, offer for sale, sell, or import any of A&A products.

30. A&A does not deny the existence of a letter from Smoore dated on or about September 8, 2021. A&A denies the remaining allegations of Paragraph 30 of the Complaint, including on lack of information or belief, and specifically denies any infringement.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Paragraph 35 of the Complaint states a legal conclusion to which no response is necessary. To the extent a response is required, denied.

### COUNT III: INFRINGEMENT OF THE D544 PATENT

36. A&A incorporates and reallege their answers to Paragraphs 1-35.

37. Paragraph 37 of the Complaint states a legal conclusion to which no response is necessary. To the extent a response is necessary, A&A denies that they are required to have a license or other authorization from Smoore to make, test, use, offer for sale, sell, or import any of A&A products.

38. A&A does not deny the existence of a letter from Smoore dated on or about September 8, 2021. A&A denies the remaining allegations of Paragraph 28 of the Complaint, including on lack of information or belief, and specifically denies any infringement.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Paragraph 43 of the Complaint states a legal conclusion to which no response is necessary. To the extent a response is required, denied.

## COUNT IV: INFRINGEMENT OF THE D635 PATENT

44. A&A incorporates and reallege their answers to Paragraphs 1-43.

45. Paragraph 45 of the Complaint states a legal conclusion to which no response is necessary. To the extent a response is necessary, A&A denies that they are required to have a license or other authorization from Smoore to make, test, use, offer for sale, sell, or import any of A&A products.

46. A&A does not deny the existence of a letter from Smoore dated on or about September 8, 2021. A&A denies the remaining allegations of Paragraph 46 of the Complaint, including on lack of information or belief, and specifically denies any infringement.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Paragraph 51 of the Complaint states a legal conclusion to which no response is necessary. To the extent a response is required, denied.

## DEMAND FOR JURY TRIAL

52. A&A also demands a trial by jury on any and all causes of action so triable.

## PRAYER FOR RELIEF

A&A denies that Smoore has a right to any relief in this action. A&A requests entry of judgment in A&A's favor, and against Smoore on all requests stated in the Complaint.

## AFFIRMATIVE DEFENSES

Further answering the Complaint and as additional defenses thereto, A&A asserts the following defenses. A&A does not intend to assume the burden of proof with these matters as to which, pursuant to law, Smoore bears the burden. A&A reserves the right to add additional defenses and/or supplement its defenses as A&A learns additional facts. A&A reserves the right to assert all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defense, at law or in equity, that may now exist or in the future be available based upon discovery and further investigation in this case.

## FIRST DEFENSE
## (FAILURE TO STATE A CLAIM)

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE
## (NONINFRINGEMENT)

A&A has not infringed and does not infringe, directly, indirectly, literally, or under the doctrine of equivalents, any valid, enforceable claim of any of the Patents-in-Suit. Further, Smoore is precluded under the doctrines of disclaimer and

prosecution history estoppel from asserting a scope for any claim of the Patents-in-Suit that would encompass any A&A product.

### THIRD DEFENSE
### (INVALIDITY, UNENFORCEABILITY, OR INELIGIBILITY)

The claims of each of the Patents-in-Suit are invalid, ineligible, unenforceable, or void for failure to satisfy one or more of the requirements of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and/or 171.

### FOURTH DEFENSE
### (PROSECUTION HISTORY ESTOPPEL/DISCLAIMER)

By reason of statements, representations, admissions, concessions, arguments, omissions, and/or amendments made by and/or on behalf of the applicants during the prosecution of the patent applications that led to the issuance of the Patents-in-Suit, Smoore's claims of patent infringement are barred, in whole or in part, by the doctrine of prosecution history estoppel and/or disclaimer.

### FIFTH DEFENSE
### (EQUITABLE DEFENSES)

Smoore's claims are barred, in whole or in part, under principles of equity, including but not limited to the doctrines of waiver, implied waiver, estoppel, equitable estoppel, acquiescence, and/or unclean hands.

### SIXTH DEFENSE
### (LACK OF STANDING)

To the extent that Smoore is not or was not the sole and total owner of all substantial rights in the Patents-in-Suit as of the filing date of the Complaint, Smoore lacks standing to bring one or more claims in this lawsuit.

## SEVENTH DEFENSE
## (STATUTORY LIMITATION ON DAMAGES)

Smoore's claims for damages and/or costs is statutorily limited by 35 U.S.C. §§ 286, 287, and/or 288. Without limitation, any claim for damages by Smoore is limited by 35 U.S.C. § 287 to only those damages occurring after proper and sufficient notice of alleged infringement of the Patents-in-Suit to A&A. Any claim for pre-lawsuit damages is barred, in whole or in part, for failure to comply with the marking and notice requirements of 35 U.S.C. § 287.

## EIGHTH DEFENSE
## (EXPRESS LICENSE, IMPLIED LICENSE, PATENT EXHAUSTION, AND SINGLE RECOVER RULE)

To the extent the evidence so warrants, Smoore's claims are barred, in whole or in part, by express license agreements and/or under the doctrines of implied license, patent exhaustion, or single recovery rule. For example, and without limitation, Smoore's claims for damages for alleged infringement would be limited or entirely foreclosed to the extent that allegedly infringing components and/or products are supplied, directly or indirectly, to A&A by an entity or entities having a license to any of the Patents-in-Suit. Additionally, Smoore's claims for patent infringement are precluded in whole or in part by direct or implied licenses and/or covenants not to sue that pertain to A&A's or prior assignees' affiliations with any defensive patent trust.

## NINTH DEFENSE
## (NO WILLFUL INFRINGEMENT)

Smoore is not entitled to enhanced or increased damages for willful infringement because A&A has not engaged in any conduct that meets the applicable standard for willful infringement.

## TENTH DEFENSE
## (NO EXCEPTIONAL CASE)

Smoore cannot prove that this is an exceptional case justifying an award of attorneys' fees against A&A pursuant to 35 U.S.C. § 285.

## ELEVENTH DEFENSE
## (PATENT OWNERSHIP)

Smoore has failed to adequately plead ownership of the Patents-in-Suit in the Complaint.

## TWELFTH DEFENSE
## (ENSNAREMENT)

Smoore cannot assert its claims under the doctrine of equivalents because any such asserted claim scope would encompass or ensnare the prior art.

## THIRTEENTH DEFENSE
## (RESERVATION OF REMAINING DEFENSES)

A&A reserves all defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, which may now exist or in the future become available based on discovery.

## **PRAYER FOR RELIEF**

A&A respectfully requests that the Court enter judgment in its favor and against Smoore as follows:

    A.    Dismissing with prejudice all of Smoore's claims against A&A;

    B.    Denying all relief that Smoore seeks in its Complaint against A&A;

    C.    Ruling in favor of A&A on all of A&A's affirmative defenses;

    D.    Awarding A&A their expenses and costs in accordance with Rule 54(d) of the Federal Rules of Civil Procedure;

    E.    Awarding A&A attorney's fees including under 35 U.S.C. § 285; and

    F.    Awarding A&A any other relief that the Court deems just and proper.

| | | |
|---|---|---|
| 1 | Dated: June 14, 2024 | Respectfully submitted, |
| 2 | | **BRYAN CAVE LEIGHTON PAISNER LLP** |
| 3 | | |
| 4 | | By: */s/ R. Tyler Goodwyn IV*<br>Kristin S. Webb |
| 5 | | R. Tyler Goodwyn IV |
| 6 | | **BLANK ROME, LLP** |

By: */s/ Todd M. Malynn*
Todd M. Malynn
Arash Beral

*Attorneys for Defendant A&A Global Imports, Inc.*

ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT

12

160858.00001/135842237v.2

# DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Defendant hereby demands a jury trial on the issues so triable.

DATED: June 14, 2024　　　　　Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: */s/ R. Tyler Goodwyn IV*
　　Kristin S. Webb
　　R. Tyler Goodwyn IV

**BLANK ROME, LLP**

By: */s/ Todd M. Malynn*
　　Todd M. Malynn
　　Arash Beral

*Attorneys for Defendant*
A&A GLOBAL IMPORTS, INC.

# ATTORNEY ATTESTATION

I, Todd M. Malynn, am the ECF user whose ID and password are being used to file this Answer. In compliance with Local Rule 5-4.3.4(2)(i), I hereby attest the concurrence in the filing of the document has been obtained from each of the other signatories.

                                              */s/ Todd M. Malynn*

# CERTIFICATE OF SERVICE

The undersigned certifies that on June 14, 2024, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Central District of California, using the Court's Electronic Case Filing (ECF) system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on June 14, 2024.

By: /s/AJ Cruickshank

ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT
15

160858.00001/135842237v.2